NOT DESIGNATED FOR PUBLICATION

No. 119,290

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

KIMBERLEY LEE-THORNTON,
*Appellee*,

v.

ADEBAYO OGUNMENO,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; WILLIAM S. WOOLLEY, judge. Opinion filed May 17, 2019. Affirmed.

*Adebayo Ogunmeno*, of Ogunmeno Law Firm, LLC, of Kansas City, appellant pro se.

*Larry G. Michel* and *Klint A. Spiller*, of Kennedy Berkley Yarnevich & Williamson, Chartered, of Salina, for appellee.

Before HILL, P.J., BRUNS, J., and BURGESS, S.J.

PER CURIAM: This is an appeal by an attorney from a damage award levied against him for professional negligence. Adebayo Ogunmeno raises several issues of trial court error. They concern improper venue, the denial of his summary judgment motion, the trial court's modification of the jury's damage award, and the court's refusal to set aside the jury verdict. His former client, Kimberley Lee-Thornton, who was awarded $40,000 in damages by the jury, maintains the trial court did not err in any fashion. As we have found no errors, our review of the record compels us to affirm the actions of the district court and approve the judgment.

1

Ogunmeno has represented himself throughout these proceedings and he failed to appear at oral argument. Therefore, we consider his case submitted on his brief and the record on appeal.

We begin with a brief recitation of the facts and then address the issues in the order we have written above.

*A Wichita traffic clerk mislabels a ticket and it results in harm to Lee-Thornton.*

Lee-Thornton, a resident of Wichita, received a traffic citation in Wichita for operating her vehicle without proof of insurance and was found guilty. Unfortunately, while logging her conviction, a court clerk mistakenly categorized her conviction as a sex offense instead of a traffic offense. This error had profound consequences for Lee-Thornton.

Lee-Thornton is a certified medical assistant, a certified nurse assistant, and a certified home health assistant. When her employer received the results of a background check from the Kansas Bureau of Investigation, the company fired her. She was told by her employer that she was terminated for failing to disclose her criminal history of a sex offense. This was when she learned that her criminal history now contained a sex offense. Her employment with a second employer ended for the same reason, before she even began working for them. This classification error also led to social problems for Lee-Thornton.

Upon learning that her background check included a sex offense, Lee-Thornton disclosed the information to her church pastor because "[i]t is under the law." For the previous five years, she worked with the 3- to 11-year-old children at her church. But after her disclosure, she was asked to step down from the position. She was also then unable to lead the children in their Christmas speeches that year and it "was announced in

church that someone else would have that position." Lee-Thornton felt embarrassed and humiliated.

At Lee-Thornton's request, a City employee wrote a letter, which admitted the error in classifying her conviction as a sex offense. The letter showed Lee-Thornton was never arrested, charged with, or convicted of any sex-related charges. The letter acknowledged the error negatively affected her employment and her position at her church. When Lee-Thornton gave the letter to her pastor, he accepted that she had not been convicted of a sex offense. But by that time the position as a children's teacher at her church was filled by someone else.

A couple of weeks after learning of the erroneous categorization of her conviction, she did find new employment. But since she was not sure if the mistake had been cleared from her record with the K.B.I., Lee-Thornton disclosed the incident to that prospective employer during her interview. "[I]t was going to show up on the KBI anyway." She did show the prospective employer documentation relating to her actual conviction.

Lee-Thornton retained Ogunmeno, an attorney licensed in Kansas, in July 2014 to pursue a claim against the City of Wichita for damages caused by the misclassification. Ogunmeno filed a notice of claim with the City, which was denied on September 29, 2014. He filed a petition against the City in Sedgwick County District Court on December 3, 2014, alleging negligence, defamation, and invasion of privacy.

Unfortunately, Ogunmeno failed to effect service on the City until March 9, 2015. The district court then dismissed Lee-Thornton's case as barred by the statute of limitations. Lee-Thornton understood that her case was dismissed because "Ogunmeno didn't request to get a 30-day extension in the 90 days, and that is all I understood." Ogunmeno did not explain to Lee-Thornton why her case was dismissed but informed her that she could appeal and he would contact her.

3

When Ogunmeno later got in touch with Lee-Thornton, he "terminated" her as a client.

*Lee-Thornton then sues Ogunmeno.*

Claiming negligence and legal malpractice for failing to timely serve the City, Lee-Thornton sued Ogunmeno. She alleged venue was proper in Sedgwick County because her original cause of action arose there.

In response, Ogunmeno challenged jurisdiction and venue. He argued Sedgwick County was an improper venue but did not move for a change of venue. He claimed "the alleged negligent action occurred in Wyandotte County where the alleged actions and/or inactions not 'to timely serve the City of Wichita' took place." Ogunmeno requested that the district court determine that it lacked "proper jurisdiction over [him] because of improper venue."

Lee-Thornton disputed Ogunmeno's improper venue claim. She argued that because Ogunmeno filed her petition in Sedgwick County, failed to effect timely service on the City, and then, as a result, the Sedgwick County District Court barred her claims against the City because of the statute of limitations, her cause of action against Ogunmeno arose in Sedgwick County. Thus, she argued, Sedgwick County was the proper venue for her suit against Ogunmeno.

The district court agreed with Lee-Thornton and denied Ogunmeno's motion and found venue in Sedgwick County was proper. At the case management conference, the district court set the deadline for dispositive motions for March 22, 2017, and scheduled the trial for June 12, 2017.

Ogunmeno filed his answer on October 12, 2016, again claiming the Sedgwick County District Court did "not have jurisdiction of [*sic*] the defendant because venue is not proper in Sedgwick County, Kansas." He also filed counterclaims against Lee-Thornton for fraud and breach of contract.

The case proceeded normally. In the pretrial conference order, Ogunmeno itemized his claimed damages to include $1,384.02 in litigation expenses, $53,050 in case work, and general damages of $300,000. Ogunmeno continued to assert his objection to venue in Sedgwick County. The order set a deadline for the parties to file motions for summary judgment "within 20 days of the date of this order."

The jury trial started as scheduled. But partway through the first day, the trial judge was informed of a death in his immediate family. Following this news, both parties requested that the case not be transferred to another judge. The district court granted their request and declared a mistrial.

After the mistrial, Ogunmeno moved for summary judgment on June 28, 2017. In response Lee-Thornton argued his summary judgment motion was untimely and moved to strike his motion. Ogunmeno then responded in opposition to the motion to strike, claiming that the district court's declaration of a mistrial on June 12 "essentially resets a new trial schedule, which thus, permits parties to engage in a dispositive motion practice." Ogunmeno conceded that he moved for summary judgment "more than 30 days after the close of all discovery in this matter." Ogunmeno then moved for default judgment for Lee-Thornton's failure to timely respond to his motion for summary judgment.

When the district court addressed the parties' motions, it cited K.S.A. 60-256(c) and the pretrial order. It found that Ogunmeno's motion for summary judgment was

5

untimely and denied it. The district court granted Lee-Thornton's motion to strike and summarily denied Ogunmeno's motion for default judgment. The case went on to trial.

The jury found Ogunmeno was negligent in his representation of Lee-Thornton, and that but for his negligence, her suit against the City would have resulted in a judgment in her favor. The jury found that the City would have been found 100 percent at fault in Lee-Thornton's underlying case. The jury determined that Lee-Thornton's economic loss was $15,000, and her noneconomic loss was $25,000. As for Ogunmeno's counterclaims, the jury found Lee-Thornton did not breach the Attorney Engagement Agreement. But the jury did find Lee-Thornton committed fraud in dealing with Ogunmeno and awarded him $1,200.

Offsetting the judgments, the district court entered judgment against Ogunmeno and in favor of Lee-Thornton in the amount of $38,800, plus costs and postjudgment interest.

*Venue is not the same as jurisdiction.*

Ogunmeno contends that the district court lacked personal jurisdiction over him because venue in Sedgwick County was improper. But the law is clear—venue is a procedural matter that relates to the convenience of the parties, not a jurisdictional matter. See *AkesoGenX Corp. v. Zavala*, 55 Kan. App. 2d 22, 37, 407 P.3d 246 (2017), *rev. denied* 308 Kan. 1593 (2018). If venue is improper, the remedy is to transfer the action to a court of proper venue, not to dismiss the case. See K.S.A. 60-609; K.S.A. 60-611. Ogunmeno did not move for a change of venue. He requested only that the district court find that Sedgwick County was an improper venue and it lacked jurisdiction over him. Improper venue is not a jurisdictional matter but is a question of the convenience of the parties and the interests of justice. It is not a basis for dismissal.

6

The venue statute, K.S.A. 60-603, is the general rule establishing where lawsuits may be filed:

"An action against a resident of this state, other than an action for which venue is otherwise specifically prescribed by law may be brought in the county,

"(1) in which the defendant resides, or

"(2) in which the plaintiff resides if the defendant is served therein, or

"(3) in which the cause of action arose, or

"(4) in which the defendant has a place of business or of employment if said defendant is served therein, or

"(5) in which the estate of a deceased person is being probated if such deceased person was jointly liable with the defendant and a demand to enforce such liability has been duly exhibited in the probate proceedings, or

"(6) in which there is located tangible personal property which is the subject of an action for the possession thereof if immediate possession is sought in accordance with K.S.A. 60-1005 at the time of the filing of the action."

A cause of action may arise either where the act or failure to act that caused the injury occurred, or where the injury occurred. See *Schmidt v. Shearer*, 26 Kan. App. 2d 760, 770, 995 P.2d 381 (1999). In malpractice matters, venue is proper where the facts show the malpractice occurred. See 26 Kan. App. 2d at 766. The trial courts are in the best position to conclude where a suit of this nature should be tried. 26 Kan. App. 2d at 770-71.

Lee-Thornton's cause of action against the City arose in Sedgwick County when the clerk misclassified her traffic infraction as a sexual offense. This negligence triggered venue under K.S.A. 60-603(3). Ogunmeno failed to timely serve the City in Sedgwick County. Lee-Thornton's suit against the City was then dismissed, and her claims were barred by the statute of limitations. Her damages arose in Sedgwick County. The district court correctly ruled it had jurisdiction.

Ogunmeno does not argue on appeal that the district court either abused its discretion or erred in its interpretation of the venue statute. He simply contends venue was improper in Sedgwick County and thus the district court lacked jurisdiction over him. He cites no authority in support of this position. Failure to support a point with pertinent authority or show why it is sound despite a lack of supporting authority or in the face of contrary authority is like failing to brief the issue. *University of Kan. Hosp. Auth. v. Board of Comm'rs of Unified Gov't*, 301 Kan. 993, 1001, 348 P.3d 602 (2015). We are not persuaded that Ogunmeno is correct.

*Ogunmeno's motion for summary judgment was untimely.*

Parties procrastinate at their peril when defending a lawsuit. Generally, a party may move for summary judgment at any time until 30 days after the close of all discovery. K.S.A. 2018 Supp. 60-256(c)(1)(A). Here, the district court designated February 24, 2017, as the discovery cutoff date, which meant the parties' motions for summary judgment were due by March 26, 2017. But in the final pretrial order, the court extended that deadline to March 28, 2017. Ogunmeno moved for summary judgment on June 28, 2017, which was three months after the deadline. The court's finding that Ogunmeno's motion violated the deadlines in both the statute and the pretrial order is reasonable.

In an argument made without citing any authority, Ogunmeno argues that the district court "failed to follow the provisions of the Kansas Supreme Court Rule 141," and contends that because his motion for summary judgment met all the requirements of this rule, it was the district court's duty to consider his motion on its merits. He is contending that the Supreme Court Rule somehow trumps the statute dealing with summary judgment motions.

The statute dealing with summary judgments, K.S.A. 2018 Supp. 60-256(c)(1)(A), says that a party may move for summary judgment up until 30 days after the close of all discovery. This time frame applies "unless a different time is set by local rule *or the court orders otherwise*." (Emphasis added.) K.S.A. 2018 Supp. 60-256(c)(1). In contrast, Supreme Court Rule 141 (2019 Kan. S. Ct. R. 211), which addresses the required substance of a motion for summary judgment, states no time frame for filing such a motion.

Both the statute and the rule are plain and unambiguous. While the statute provides a specific time frame for filing a motion for summary judgment, subject to court-ordered modification, Rule 141 does not. Rule 141 includes language acknowledging that district courts may set different deadlines for the timing of response and reply motions. This is indicative of Rule 141's deference to the district court's decisions on docket management and its supervision of the pretrial phase of litigation.

We hold that Rule 141 imposed no duty on the district court to consider Ogunmeno's untimely motion for summary judgment simply because it may have met the rule's substantive requirements. The district court's pretrial order controlled the pretrial proceedings, including the deadline for the parties filing motions for summary judgment. The district court did not abuse its discretion based on an error of law when it summarily denied Ogunmeno's motion as untimely.

*Ogunmeno failed to provide an adequate record for his argument on the court's reduction of his counterclaim.*

Ogunmeno contends that the district court abused its discretion when it reduced his maximum damages on his fraud counterclaim from $300,000 to $1,221.77. He argues there was "not justification for the trial court's prohibitive order." He frames the issue as an appeal of the district court's impermissible amendment to the pretrial order. He argues

9

that "the trial court's order that compelled defendant to present to the jury an amount less than the amount he claimed in the pretrial order after the parties had rested their case[s], essentially amounted to the modification of the pretrial order." Since the record on appeal contains no amended pretrial order, the reduction to Ogunmeno's maximum damages for fraud was made in a jury instruction.

This means that to answer this question we must:

- determine whether we can or should review the issue, i.e., whether there is a lack of appellate jurisdiction or a failure to preserve the issue for appeal;
- consider the merits of the claim to determine whether error occurred below; and
- assess whether the error requires reversal, i.e., whether the error can be considered harmless. *State v. McLinn*, 307 Kan. 307, 317, 409 P.3d 1 (2018).

Whether a party has preserved a jury instruction issue affects the appellate court's reversibility inquiry at the third step. *McLinn*, 307 Kan. at 317. The statute, K.S.A. 2018 Supp. 22-3414(3), mandates that no party may assign as error the giving or failure to give an instruction unless the party objects before the jury retires to consider its verdict unless the instruction or the failure to give an instruction is clearly erroneous.

The burden is on Ogunmeno to designate facts in this record to support that claim; without such a record, the claim of error fails. *Friedman v. Kansas State Bd. of Healing Arts*, 296 Kan. 636, 644-45, 294 P.3d 287 (2013). On appeal, Ogunmeno cites no portion of the record to support his claim that the district court impermissibly amended the pretrial order or improperly reduced his claimed damages in the jury instructions. A review of the record reveals that the only portion of the trial available on appeal is Lee-Thornton's testimony. Without a transcript of the jury instruction conference to support Ogunmeno's claims, he cannot pass the first threshold of the analysis—that is, he cannot

10

show that he preserved the issue for appeal. We must presume the actions of the district court were proper.

*Ogunmeno fails to provide a record on appeal to support his claim that the court erred when it failed to set aside the jury's verdict.*

Ogunmeno claims the district court had a duty to set aside the jury damage verdict award in Lee-Thornton's favor. We view this claim as a motion to reconsider or motion to alter or amend judgment under K.S.A. 2018 Supp. 60-259(f). When reviewing the denial of a motion to alter or amend the judgment, we apply the abuse of discretion standard of review. *Exploration Place, Inc. v. Midwest Drywall Co.*, 277 Kan. 898, 900, 89 P.3d 536 (2004).

Once again, we are hindered by a silent record on appeal. We find no written motion by Ogunmeno and find no transcript of any oral motion made to the district court, let alone any ruling by the district court on this point. Again, the burden is on the party making a claim to designate facts in the record to support that claim; without such a record, the claim of error fails. *Friedman*, 296 Kan. at 644-45. Ogunmeno has not met this burden. His claim fails.

Affirmed.